In the Matter of JOSEPH FARAGUNA, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION, Respondent.

In December 1983 the petitioner took an open competitive examination for the position of police officer in the Nassau County Police Department. On May 8, 1986, the petitioner turned 29 years old without yet being certified for appointment. By letter dated September 19, 1986, the respondent notified the petitioner that it was discontinuing the processing of his application since he had reached his twenty-ninth birthday. At that time, the petitioner had been employed as a police officer in the New York City Police Department for approximately three years.

Pursuant to Civil Service Law § 58 (1) (a), an individual shall not be eligible for appointment as a police officer unless "he is not less than twenty nor more than twenty-nine years of age". Civil Service Law § 58 (4) (a) provides for an exception to the age requirement where, as here, an individual seeks to resign from one police force and to be appointed to another police force. Under such circumstances, the individual shall be eligible for appointment "without satisfying the age requirements set forth in paragraph (a) of subdivision one of this section [Civil Service Law § 58] at the time of such second or subsequent appointment, provided such second or subsequent appointment occurs within thirty days of the date of resignation".

However, Civil Service Law § 58 (2) expressly provides that "[t]he provisions of this section shall not prevent * * * any county * * * from setting more restrictive requirements of eligibility for its police officers". The official "Announcement" issued by the respondent for the examination expressly stated under "Minimum Qualifications" that "Candidates shall not be considered for appointment until they reach their 21st

birthday and eligibility will terminate when they reach their 29th birthday". The respondent relied upon this statement in its letter disqualifying the petitioner from further consideration. Since the statute clearly allows the respondent to impose a more restrictive age requirement, its determination must be upheld in the absence of anything in the record to suggest that that determination was arbitrary and capricious. Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.